STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-10-401

BRIAN PORTER, HELEN PORTER,
and HELEN PORTER as next friend of
ERIK PORTER

Plaintiffs,

v.

**ORDER**

NORWAY SAVINGS BANK

Defendant

STATE OF MAINE
Cumberland, SS. Clerk's Office

FEB 2 3 2011

RECEIVED

Defendant Norway Savings Bank moves for dismissal pursuant to Maine

Rule of Civil Procedure 12(b)(6). The Bank also moves to strike plaintiffs Brian

and Helen Porter's opposition to dismissal. Following a hearing on both motions,

the court grants the motion to dismiss, rendering the motion to strike moot.

## BACKGROUND

On October 26, 2006, the Maine Attorney General served Norway Savings

Bank with a subpoena requesting certain financial records relating to plaintiffs

Brian and Helen Porter. (Compl. ¶ 11.) The subpoena was issued in connection

with a grand jury proceeding against the Porters. (Compl. ¶ 16; Def.'s Ex. A.)[1]

The Bank turned the plaintiffs' bank records over to the State, and criminal

proceedings were initiated shortly thereafter. (Compl. ¶¶ 15–16.) All charges

---

[1] Defendant's Exhibit A is a copy of the subpoena, which is referenced and
central to the plaintiff's complaint. The court may consider the subpoena
without converting the instant motion to dismiss into a motion for summary
  dgment. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43,

1

against the Porters were dismissed on October 22, 2007, but not before they were forced to expend funds defending themselves. (Compl. ¶¶ 17–18.)

The Porters claim that the subpoena did not comport with 9-B M.R.S. § 163, and that the Bank's actions violated its own privacy policies. (Compl. ¶¶ 9–10, 14–15, 19.) On August 12, 2010, they filed this complaint alleging violations of 9-B M.R.S. § 161 et seq. and 42 U.S.C. § 1985, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel or detrimental reliance. The Bank moves to dismiss all counts.

## DISCUSSION

A motion to dismiss tests the legal sufficiency of a complaint. *New Orleans Tanker Corp. v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673, 674–75. The court reviews the material allegations of the complaint in the light most favorable to the party asserting the claim to determine whether it sets forth elements of a cause of action or alleges facts that would entitle that party to relief pursuant to some legal theory. *Id.*

A bank "may not disclose to any person . . . any financial records relating to [a] customer of that financial institution or credit union unless . . . [t]he financial records are disclosed in response to a lawful subpoena, summons, warrant or court order that meets the requirements of section 163." 9-B M.R.S. § 162(2) (2010). Title 9-B, section 163, states in relevant part:

> A financial institution authorized to do business in this State or credit union authorized to do business in this State *shall* disclose financial records under section 162 pursuant to a subpoena . . . that on its face appears to have been issued upon lawful authority only if the subpoena . . . is served upon the customer prior to disclosure by the financial institution or credit union. The agency or person requesting the disclosure of financial records shall certify in writing to the financial institution or credit union the fact that the subpoena

2

... has been served upon the customer .... *A subpoena . . . issued in connection with a criminal proceeding . . . need not be served upon the customer.*

9-B M.R.S. § 163(1) (2006) (emphasis added).

In this case, the State sent the Bank the subpoena in connection with a criminal proceeding against the Porters. (Compl. ¶¶ 11, 16.) The subpoena appears to be lawful on its face. It did not need to be served on the customer before the Bank acted, nor did it need to certify that it had been served. The Bank had no duty to conduct an independent inquiry into the validity of the subpoena, and the Bank acted lawfully when in cooperated with the State. Indeed, the Bank was *required* to provide the Porters' records by the terms of section 163.

The Bank also did not violate its privacy policy when it disclosed the Porters' financial records. The Bank's privacy policy states:

> We do not disclose any non-public personal information about our customers or former customers to anyone, *except as permitted by law, such as to . . . government entities in response to subpoenas,* and to consumer reporting agencies.

(Compl. ¶ 10 (emphasis added).) Here, the Bank sent the Porters' financial records in response to a lawful subpoena. The Porters' remaining claims each rely on the assertion that the Bank acted pursuant to an unlawful subpoena. Because the Bank acted lawfully, the court grants the Bank's motion to dismiss the Porters' remaining claims. The Porters' arguments against dismissal are without merit, and the Bank's motion to strike their opposition is moot.

**The entry is:**

Norway Savings Bank's motion to dismiss is granted. Its motion to strike is dismissed as moot.

DATE: _February 23, 2011_

Roland A. Cole
Justice, Superior Court

4

BRIAN PORTER ET ALS VS NORWAY SAVINGS BANK
UTN:AOCSsr  -2010-0085282                    CASE #:PORSC-CV-2010-00401
------------------------------------------------------------------------

01 0000003099          AROMANDO, JOHN
        ONE MONUMENT SQUARE PORTLAND ME 04101
    F     NORWAY SAVINGS BANK                    DEF        RTND    10/25/2010

02 0000006809          MEHNERT, CYNTHIA
        66 WINTHROP STREET AUGUSTA ME 04330
    F     BRIAN PORTER                           PL         RTND    08/13/2010
    F     HELEN PORTER                           PL         RTND    08/13/2010
    F     ERIK PORTER                            MNR CHILD  RTND    08/13/2010

BRIAN PORTER ET ALS VS NORWAY SAVINGS BANK
UTN:AOCSsr  -2010-0085282                    CASE #:PORSC-CV-2010-00401
------------------------------------------------------------------------

03 0000003724  ATTORNEY  MEHNERT, ERIC
   6 STATE STREET SUITE 600 BANGOR ME 04402

| | | | |
|---|---|---|---|
| F  ERIK PORTER | MNR CHILD | RTND | 08/13/2010 |
| F  BRIAN PORTER | PL | RTND | 08/13/2010 |
| F  HELEN PORTER | PL | RTND | 08/13/2010 |